14 So.2d 428

**MORRIS v. SOVEREIGN CAMP, W. O. W.**

No. 36952.

May 17, 1943.

Rehearing Denied June 21, 1943.

Ott & Johnson, of Franklinton, for applicant.

Osceola H. Carter, of Franklinton, for respondent.

FOURNET, Justice.

This suit, instituted against the Sovereign Camp of the Woodmen of the World by Mrs. Margie Morris, the named beneficiary in a contract of insurance issued by the defendant to her late husband, is now before us on a writ of certiorari granted the defendant to review the judgment of the Court of Appeal for the First Circuit amending the judgment of the lower court in favor of the plaintiff by ordering the defendant to cause to be erected a monument or memorial at the grave of the deceased at a cost of not less than $100 and affirming the judgment as thus amended.

The record shows that the Sovereign Camp of the Woodmen of the World issued its new ten year renewable certificate No. 1111921 in the amount of $1,000 to Dossie Morris, a member of its camp No. 729 for the State of Louisiana, on September 30, 1932—under the stipulation contained in its original ten year benefit certificate of insurance No. 430309 issued Morris on November 24, 1924, that he could within eight years thereafter exchange the same for any form of certificate issued by the organization—his wife, Mrs. Margie Morris, being the named beneficiary therein. Under rider No. TE–1111921, attached to this certificate, the society agreed, for the additional consideration of 10¢ monthly, to cause to be erected a monument or memorial to his (Morris's) memory, cost-

ing not less than $100. Morris died on May 8, 1941, but the association refused to comply with the beneficiary's demand for the payment of the insurance on the ground that the deceased had been suspended from membership because of his failure to make timely payment of his installments for July and August of 1940 and was never reinstated thereafter, returning to her the $11.88 paid in delinquent installments from July, 1940, to the day of the insured's death.

This suit followed, the plaintiff alleging in her petition that at the time of his death Morris was in good standing, all premiums due under the contract of insurance having been paid; that due proof of his death had been furnished the association and all other conditions precedent complied with; and that amicable demand for proper settlement had been rejected. She further alleged that under the rider attached to this certificate the society had agreed to erect a memorial or monument at the grave of her husband at a cost of not less than $100.

The defendant denied liability, averring that under its constitution, laws, and by-laws, the deceased was suspended for his failure to pay his July and August, 1940, installments on or before the last day of each of these months respectively and that since he did not make these payments within fifteen days thereafter, but, instead, on October 11, 1940, he was not eligible for reinstatement because at that time he was suffering from a fatal disease, which ultimately caused his death.

The plaintiff then alleged in a special plea that the defendant, by its long and continued actions in accepting, through its authorized agents, overdue payments without objection and without notice to the insured of his suspension and the forfeiture of his rights under the certificate, had established a custom which lulled the deceased into a sense of security and induced him to believe that the forfeiture clause had been waived, thus estopping the society from setting up as a defense the failure of the deceased to strictly conform to these requirements in the society's by-laws.

The trial judge referred this plea to the merits, and, because the name of the defendant had been changed to the Woodmen of the World Life Insurance Society subsequent to the issuance of the certificate to the deceased, designated it as the proper defendant upon its motion in open court.

On the trial of the merits, the judge maintained the plea of estoppel and rendered a judgment in plaintiff's favor for $1,000, the face value of the certificate, but rejected her claim for the erection of the monument or memorial at the grave of her husband for the reason that the right to enforce such obligation was that of the estate of the insured and not the beneficiary. The appellate court, expressing the view that the plaintiff, as the beneficiary named in the certificate, is entitled to have the society comply with the condition contained in the rider, although, because of her failure to show the expenditure of any such amount on her part, not entitled to a money judgment, amended the judgment of the lower court by ordering the defendant to cause such memorial or monument to be erected at the grave of the deceased at a

cost of not less than $100, and, as thus amended, affirmed the judgment. We then granted the writ of certiorari under which this judgment is being reviewed.

The argument of the defendant is that both of the judgments of the lower courts, maintaining the plea of estoppel, are not tenable in this case for the reason that under the very terms of the certificate and the laws and by-laws of the society, the deceased had the right to make these payments, even though delinquent, within fifteen days after the last day of each respective month, such payment automatically reinstating him as a member of the society, and even so long as within three months thereafter, this payment making him eligible to again become a member of the association, provided he was in good health at the time of such payment and remained in good health for thirty days thereafter. Section 65. Further, that in accepting such payments, the society did not thereby waive any of the provisions in the contract, under the specific provisions of Section 65, such receipt and retention of the delinquent payments only operating as an estoppel after the secretary of the society "received actual, not constructive or imputed, knowledge that the suspended person was not in fact in good health when he attempted to again become a member, or that he did not remain in good health for thirty days after the payment of the delinquent installments in an attempt to again become a member," (Section 66(a) and such condition of health being warranted by the insured. Section 66(b). Moreover, Section 66 contains the further stipulation that "The retention by the society of any installment paid by or for any person after he has become suspended in order to again make him a member, shall not constitute a waiver of any of the provisions of this Constitution, Laws and By-Laws, or any estoppel upon the society." And, further on the subject matter of waiver in Section 82, it is stated: "No officer, employee or agent of the society or the Sovereign Camp, Head Camp or of any Camp, has the power, right or authority to waive any of the conditions upon which beneficiary certificates are issued, or to change, vary or waive any of the provisions of this Constitution or these Laws, nor shall any custom on the part of any Camp or any number of Camps—with or without the knowledge of any officer of the Society—have the effect of so changing, modifying, waiving or foregoing such laws or requirements."

This identical argument was presented and the Court of Appeal for the Second Circuit in the case of Soleyman v. Woodmen of the World, 3 So.2d 466, 469, maintaining the plea of estoppel, said: "Defendant, by its course of conduct in accepting and retaining the several late payments, lulled the insured into the belief that the described method of settlement was sufficient to protect his insurance; and it will not now be permitted to take advantage of a situation which it aided in creating."

During the course of the opinion, the court said: "We are mindful of the above quoted provision of the constitution, laws and by-laws [Sections 66 & 82] that stipulates against the waiver or changing of any of the requirements of the defend-

ant society. Regarding this, there is an almost uniform rule that 'policy provisions which limit the power of insurance agents or other representatives of the insurer to waive conditions of the policy or restrict the manner in which waivers may be made do not supersede the recognized principles of the law of waiver and estoppel, and are not conclusive so as to prevent the officers or agents of the insurer through whom it must act in the transaction of its business, and the conduct of its affairs, from binding the insurer by a waiver of a condition or from creating an estoppel against it to assert a breach of condition in avoidance of the policy. In other words, a nonwaiver clause may itself be waived.' " (Brackets ours.)

The Soleyman case was presented to this court on a writ of certiorari, the applicant stressing the very point being urged here, and we refused the writ assigning as our reason therefor that the "judgment is correct." [1]

According to the receipts in the record, and the testimony of the clerk of Camp No. 729 in connection with the records of the camp as far back as July, 1939, the only ones available, not a single payment made by the deceased from July of 1939 through February of 1941 was made on or before the last day of the month in which it was payable, as required by the by-laws of the society. The testimony also shows that no copy of the laws and by-laws, nor the amendments thereto, was ever furnished to the deceased, and that he was never notified of his suspension. As a matter of fact, the secretary himself testified that he knew nothing of the provisions in the laws and by-laws of the society.

■ It is our opinion, therefore, that the defendant, accepting these delinquent payments over a long period of time, without objection and without notifying the insured of his suspension, established a custom that constituted a waiver of the provisions of Sections 63 and 65 of the constitution, laws, and by-laws, and, consequently, the deceased was never suspended. Having reached this conclusion, it is obvious that the provisions of Section 65 with reference to the condition of the insured's health at the time he made the payments on October 11, 1940, have no application.

■ We are of the further opinion that the appellate court properly held the beneficiary was entitled to have the society erect a monument or memorial at the grave of her husband under the terms of the rider attached to the certificate of insurance.

For the reasons assigned, the judgment of the Court of Appeal for the First Circuit is affirmed; all costs to be paid by the defendant.

---

[1] No opinion filed.